UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-7531 CAS (RZx) | Date | April 19, 2012 |
|---|---|---|---|
| Title | CENTRAL BASIN MUNICIPAL WATER DISTRICT v. WATER REPLENISHMENT DISTRICT OF SOUTHERN CALIFORNIA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) DEFENDANT'S MOTION FOR ATTORNEYS' FEES (filed 03/06/12)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Accordingly, the hearing date of April 23, 2012, is hereby vacated and the matter is taken under submission.

## I.     INTRODUCTION

On September 13, 2011, plaintiff Central Basin Municipal Water District ("plaintiff") filed this suit for trademark infringement and related claims against defendant Water Replenishment District of Southern California ("defendant"). Dkt. No. 1. On October 21, 2011, the Court entered an order approving the parties' stipulation for leave to file a first amended complaint ("FAC"). Dkt. No. 10. Plaintiff then filed the FAC and defendant filed a motion to dismiss. Dkt. Nos. 11, 18. On December 19, 2011, the Court granted defendant's motion to dismiss with leave to amend, and plaintiff filed the second amended complaint ("SAC"). Dkt. No. 37, 48. On January 20, 2012, defendant filed a motion to dismiss the SAC. Dkt. No. 49. Plaintiff filed a notice of voluntary dismissal of the action prior to a hearing or ruling on defendant's motion. Dkt. No. 58. Defendant then filed the instant motion seeking a ruling that it was the prevailing party in this action and an award of attorneys' fees. Dkt. No. 60.

As detailed below, defendant's motion is **DENIED** because defendant has not adequately shown that it is the prevailing party in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-7531 CAS (RZx) | Date | April 19, 2012 |
|---|---|---|---|
| Title | CENTRAL BASIN MUNICIPAL WATER DISTRICT v. WATER REPLENISHMENT DISTRICT OF SOUTHERN CALIFORNIA | | |

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may voluntarily dismiss an action without a court order before the defendant has filed an answer or a motion for summary judgment. Local Rule 54-2.4 provides that where a case is voluntarily dismissed, upon request and for good cause, the Court shall determine the prevailing party. In determining the prevailing party for purposes of federal fee shifting statutes, the Ninth Circuit has held that "the key inquiry is whether some court action has created a material alteration of the legal relationship of the parties." Cadkin v. Loose, 569 F.3d 1142, 1148 (9th Cir. 2009) (quotations and citation omitted).

Under the Lanham Act, a prevailing party may only be awarded reasonable attorneys' fees in "exceptional cases." 15 U.S.C. § 1117(a). A case qualifies as "exceptional" where it is "groundless, unreasonable, vexatious, or pursued in bad faith." Avery Dennison Corp. v. Sumpton, 189 F.3d 868, 881 (9th Cir. 1999). "In other words, exceptional cases include instances where plaintiff's case is frivolous or completely lacking in merit." Secalt S.A. v. Wuxi Shenxi Const. Machinery Co., Ltd., 668 F.3d 677, 687–88 (9th Cir. 2012).

## III. DISCUSSION

The Court finds that defendant has not adequately demonstrated that it is the prevailing party in this action. Defendant argues that there has been a change in the legal relationship of the parties because if the case were refiled, it would ultimately be "dismissed on the same basis as before." Reply at 3. However, as plaintiff contends, the Court did not grant defendant relief, but rather merely dismissed plaintiff's FAC with leave to amend because plaintiff had not adequately pleaded facts meeting the elements of the alleged claims. Opp. at 6; see Dkt. No. 37. The Court did not have opportunity to rule on the adequacy of the SAC because plaintiff voluntarily dismissed the case without prejudice prior to a hearing or ruling on defendant's motion to dismiss. Dkt. No. 58; Fed. R. Civ. P. Rule 41(a)(1)(A)(i). Because the Court did not rule on the adequacy of the SAC, defendant has not demonstrated that if this action were refiled it would be "dismissed on the same basis as before," or that the Court's rulings otherwise altered the legal relationship of the parties. Reply at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-7531 CAS (RZx) | Date | April 19, 2012 |
|---|---|---|---|
| Title | CENTRAL BASIN MUNICIPAL WATER DISTRICT v. WATER REPLENISHMENT DISTRICT OF SOUTHERN CALIFORNIA | | |

Accordingly, defendant has not shown that this action has resulted in a material alteration of the legal relationship between the parties and defendant's Motion for Attorneys' Fees and Costs (Dkt. No. 60) is denied. Secalt S.A. v. Wuxi Shenxi Const. Machinery Co., Ltd., 668 F.3d 677, 687-88 (9th Cir. 2012). In accordance with the foregoing, the Court need not reach the parties' remaining arguments regarding the appropriateness of attorneys' fees under the Lanham Act.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |